**CONTRACTORS, LABORERS, TEAMSTERS & ENGINEERS PENSION PLAN; Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan; Omaha-Council Bluffs Laborers Local # 1140 Holiday Trust; Laborers Training Fund and Construction and General Laborers Union, Local No. 1140, Appellants,**

v.

**F & H CONSTRUCTION COMPANY, A Nebraska Corporation, Appellee.**

No. 85–2000.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1986.

Decided March 28, 1986.

David D. Weinberg, Omaha, Neb., for appellants.

Kelly S. Breen, Omaha, Neb., for appellee.

Before ARNOLD, Circuit Judge, TIMBERS,* Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Construction and General Laborers Union, Local No. 1140, and certain trust funds established by the union appeal the district court's judgment in favor of F & H Construction Company (F & H). In its complaint, the union sought to compel F & H to contribute to the trust funds. We affirm.

In 1975 and in 1976, F & H and the union executed pre-hire agreements in which F & H agreed to contribute to the trust funds established by the union under section 8(f) of the National Labor Relations Act (NLRA). 29 U.S.C. § 158(f). These agreements became collective bargaining agreements enforceable under section 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(5), after the union obtained majority status. *See NLRB v. Local 103, Iron Workers,* 434 U.S. 335, 343–46, 98 S.Ct. 651, 656–58, 54 L.Ed.2d 586 (1978). F & H repudiated the agreements on February 23, 1983, claiming the union did not have majority status at the time. The union then brought this action seeking specific performance of the agreements.

The district court held that although the union had majority status for several years following execution of the agreements, it did not represent a majority of the employees at the time of repudiation by F & H.

---

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

The court held that because F & H was a project-by-project employer, the union must reestablish its majority status at each successive project in order to retain a binding collective bargaining agreement. The union did not have majority status at the jobsite when F & H repudiated the agreements. Therefore, the court held that the participation agreements were subject to repudiation by F & H. We agree.

"[I]n order to enforce a section 8(f) contract with a project-by-project employer, the union must reestablish its majority at each successive jobsite." *NLRB v. Haberman Construction Co.*, 641 F.2d 351, 368 (5th Cir.1981) (citing with approval *Dee Cee Floor Covering, Inc.*, 232 N.L.R.B. 421 (1977)). *See also Painters Local Union No. 164 v. Epley*, 764 F.2d 1509, 1513–14 (11th Cir.1985); *Construction Erectors, Inc. v. NLRB*, 661 F.2d 801, 804 (9th Cir. 1981); *Mesa Verde Construction Co. v. Northern California District Council of Laborers*, 598 F.Supp. 1092, 1095–99 (N.D. Cal.1984).

Here, the union does not challenge the district court's findings that F & H was a project-by-project employer and that the union did not have majority status at the jobsite when the company repudiated the agreements.

Accordingly, we affirm the judgment of the district court.